UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

DEBRA L. BROWN
    Plaintiff

v.                                                                       Civil Action No. 5:12-CV-00145-LLK

CAROLYN W. COLVIN
    Commissioner of Social Security
    Defendant

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $1,468.75 (11.75 hours of attorney time at $125.00 per hour) plus costs in the amount of $367.25. The motion is at Docket Entry Number (DN) 14. The Commissioner does not object to the legitimacy and amount of Plaintiff's fee request but opposes Plaintiff's request that the fee be paid directly to her attorney, Donald R. Green, Jr., as opposed to Plaintiff (DN 15). Plaintiff replies that counsel is entitled to the fee (DN 16). This matter is ripe for determination by the Court.

For the reasons below, the motion shall be GRANTED except that the fees and costs shall be awarded to Plaintiff Brown and not her attorney.

The parties have consented to the jurisdiction of the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, to conduct all further proceedings in this case, including entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10).

### Undisputed Matters

Plaintiff filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner denying her claim for disability benefits.

On April 19, 2013, the Court remanded the matter to the Commissioner for further administrative proceedings (DN 13).

The primary purpose of the Equal Access to Justice Act (EAJA) is to allow citizens to challenge federal government decisions in federal court regardless of their ability to pay for an attorney. Pursuant to the EAJA, 28 U.S.C. § 2412(d), a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust.

The Commissioner concedes that Plaintiff satisfies each of the foregoing statutory requirements and that the amount of fees sought is reasonable.

### Disputed Issue

The sole controverted issue in this case is to whom the EAJA fee award is payable: Plaintiff or her counsel. Counsel has submitted a copy of the Attorney-Client Contract (Fee Agreement) dated August 17, 2012. Among other things, the contract purports to assign any future EAJA fee awarded to Plaintiff "to the attorney" (DN 16-1).

Prior to *Astrue v. Ratliff*, ___ U.S. ___, 130 S.Ct. 2521 (2010), the Commissioner honored assignment of EAJA fee awards to counsel, such as the one in this case, and counsel was paid directly, regardless of whether the plaintiff / litigant had a pre-existing federal debt. *Ratliff* held that an EAJA fee award "is payable to the litigant [not the attorney] and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Id.* at 2524.

Ratliff, in fact, owed the Government a debt that pre-dated the district court's approval of the EAJA fee award. The Court noted, albeit in *dicta*, that "the Government has ... continued the direct

payment [to attorneys] practice where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 2259.

In the immediate wake of *Ratliff* and for a significant time thereafter, a number of district courts, including some judges in the Western District of Kentucky, put language in their EAJA fee awards to the effect that, if certain conditions are satisfied, the fee shall continue to be paid directly to the attorney. See *Greer v. Commissioner*, 2013 WL 1212882 (E.D.Mich.) (collecting authorities in support of this approach). These courts reasoned that this practice would have the desirable effect of minimizing an unintended consequence of *Ratliff*, which, according to the concurring justices, was to "make it more difficult for the neediest litigants to find attorneys to represent them in cases against the Government." *Id.* at 2532.

These courts would order the Commissioner to pay counsel where there was a valid fee assignment contract between plaintiff and counsel and after the Commissioner had determined that plaintiff owed no debt to the United States. See, for example, *Jones v. Commissioner*, No. 5:11-CV-00064, DN 29 (W.D.Ky.).

The Southern District of Ohio followed this same approach until it recently recognized what it described as a "growing consensus of courts within the Sixth Circuit that under *Ratliff*, the proper course is to award fees directly to Plaintiff and remain silent as to the direction of those fees." *Smith v. Astrue*, 2013 WL 1155521 (S.D.Ohio) (collecting authorities).

Judges within this District are consistently joining this consensus. On March 23, 2012, Senior District Judge Russell refused to designate counsel as payee of an EAJA fee award, finding that payment "shall be governed by the terms of [the attorney-client contract] after the award is paid to [plaintiff]." *Johnson v. Astrue*, 2012 WL 1014993 (W.D.Ky.).

On October 3, 2012, Chief Judge McKinley adopted Magistrate Judge Brennenstuhl's recommendation to deny plaintiff's request that payment of EAJA fees be made to counsel, finding that

3

assignment of the fee to an attorney is "voidable at the United States' discretion" pursuant to the Anti-Assignment Act (*Daniel v. Astrue*, No. 1:11CV-00159 (W.D.Ky.), DN 21):

> The undersigned notes that Daniel's assignment to her attorney is subject to the Anti-Assignment Act because it is a "transfer or assignment" of her claim "against the United States Government." 31 U.S.C. § 3727(a). Under the Anti-Assignment Act, "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). Here, however, Daniel made the assignment to her counsel before these three events occurred. Therefore, Daniel's assignment to her counsel is not valid under § 3727(b) of the Anti-Assignment Act. This means Daniel's assignment to her counsel is voidable at the United States' discretion. *Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008) (holding provisions of Anti-Assignment Act may be waived); *Cadwalder v. United States*, 45 F.3d 297, 299 (9th Cir. 1995).

In both *Daniel* and the present case, the Commissioner expressly left open the possibility that, after the EAJA fee is awarded and after it is determined that plaintiff owes no federal debt, the Commissioner "may" waive the Anti-Assignment Act and honor the assignment. However, the Commissioner insists that that decision is "reserved for [her] discretion" (DN 15, p. 2).

The issue of Plaintiff's assignment is a matter of contract law not presented as a dispute before this Court. The EAJA fee award neither bars the United States from honoring a valid assignment, nor prevents it from disputing it.

### **ORDER**

It is therefore ORDERED that Plaintiff's motion for attorney fees pursuant to the EAJA (DN 14) is GRANTED in the amount of $1,468.75 and costs in the amount of $367.25. Plaintiff's request that the Court conditionally direct the payment of fees to her counsel, Donald R. Green, Jr., is DENIED. The fees are properly awarded to Plaintiff Brown.

The Clerk of Court shall enter a separate judgment in favor of Plaintiff and against Defendant in the amount of $1,468.75 in attorney fees and costs in the amount of $367.25.